**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sol Jaffe, | No. CV12-1058-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Cardworks Servicing, LLC, | |
| Defendant. | |

Defendant Cardworks Servicing, LLC filed a motion to dismiss Plaintiff Sol Jaffe's complaint on the grounds of *res judicata* and failure to state a claim.  Doc. 8. Plaintiff filed a motion to strike Cardworks' motion to dismiss, which the Court will construe as Plaintiff's response (Doc. 11), and Cardworks filed a reply (Doc. 12).  The Court will grant Cardworks' motion and dismiss the complaint with prejudice.

"Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits."  *United States ex rel. Barajas v. Northrup Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).  A dismissal for failure to state a claim constitutes a ruling on the merits for *res judicata* purposes.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

Plaintiff previously filed an action against multiple defendants alleging substantially the same violations of the Fair Debt Collection Practices Act, 15 USC § 1962, ("FDCPA"), gross negligence, and intentional infliction of physical and

emotional distress as those alleged in this case. *Compare* No. 2:11-cv-01839-NVW, Doc. 1, ¶¶ 25-34; 35-38; 39-42 *with* Doc. 1, ¶¶ 4-13; 14-18; 19-21. Judge Neil V. Wake screened the complaint and dismissed it for failure to state a claim and improper joinder of defendants. *See* No. 2:11-cv-01839-NVW, Doc. 24. Judge Wake gave Plaintiff leave to amend as to one defendant and provided detailed guidance on how Plaintiff could cure the pleading deficiencies in his complaint. *Id.* Plaintiff failed to file an amended complaint, and, pursuant to Judge Wake's order, the Clerk entered final judgment for the defendants and against Plaintiff on December 9, 2011. *Id.*, Doc. 43, 44.[1]

Subsequent to this dismissal, Plaintiff filed substantially the same action in Maricopa County Superior Court. Doc. 8-1 at 26-38. Superior Court Judge John Rea dismissed the complaint with prejudice on May 11, 2012, on the grounds of *res judicata* and failure to state a claim. Doc. 8-1 at 41.

Plaintiff argues that *res judicata* does not apply to this case because Cardworks was not a party to the case before Judge Wake and the state case – to which Cardworks was a party – was wrongly decided, and it applied state standards of *res judicata* that do not apply here. Plaintiff also argues that he has raised different claims than those raised in the state case. Doc. 11 at 1, ¶ 1, 3, ¶ 1.

Although Cardworks was not named as a party in the first complaint, *res judicata* applies where "privity between parties" exists. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Privity is met when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). Plaintiff's first complaint alleged that all defendants engaged in unlawful credit reporting and debt-collection practices – the same allegations made here. One of these defendants was Merrick Bank Corporation ("Merrick"), and Plaintiff

---

[1] Judge Wake denied Plaintiff's motion to proceed *in forma pauperis* on appeal on the grounds that an appeal in lieu of amendment is frivolous, and Plaintiff's appeal was not taken in good faith. No. 2:11-cv-01839-NVW, Doc. 43 at 2.

acknowledged in his second complaint that Merrick and Cardworks are related companies. Doc. 8-1, ¶ 17(D). Cardworks argues, and Plaintiff does not dispute, that it serviced the debt that Plaintiff alleged he did not owe to Merrick, and that the two companies are thus in privity as to Plaintiff's claims. Doc. 12 at 4.

Even if Cardworks is not in privity with Merrick for purposes of the first complaint, Plaintiff clearly named Cardworks as a defendant in his state complaint. Doc. 8-1. Plaintiff's claims in the state complaint rested on the same allegations of wrongful credit reporting and debt collection that served as the basis for his claims in the first complaint and that Plaintiff now alleges for the third time. *Compare* Doc. 8-1, ¶ 17(C)&(D) *with* Doc. 1, ¶¶ 7-12. The fact that Judge Rea applied state *res judicata* standards to determine that the claims in that complaint were precluded is immaterial to whether Judge Rea's final judgment is entitled to preclusive effect here. The case was resolved on the merits as *res judicata* requires. Moreover, Judge Rea found, as Judge Wake had, that Plaintiff failed to state a claim as to any defendant. Doc. 8-1 at 41. Plaintiff's disagreement with Judge Rea's decision does not entitle him to ignore the effect of that judgment on this third attempt to bring the same or similar claims.

Plaintiff's argument that he has raised claims here that he did not raise in the prior complaints also lacks merit. Identity of claims exists when two suits "arise from the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks and citation omitted). Although Plaintiff's allegations in this case are somewhat vague and conclusory, Plaintiff does not point to any new facts raised here that he did not raise in his first two complaints. Moreover, whether Plaintiff previously brought the same claims against Cardworks on the basis of these facts is immaterial because *res judicata* applies both to claims that were brought and those that could have been brought. *See, e.g.*, *United States ex rel. Barajas*, 147 F.3d 905, 909 (9th Cir. 1998). Plaintiff's claims are therefore precluded, and leave to amend would be futile.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 8) is **granted**.
2. Plaintiff's motion to strike (Doc. 11) is **denied** and his complaint (Doc. 1) is **dismissed** with prejudice.
3. The Clerk of the Court is directed to **terminate** this matter.

Dated this 19th day of September, 2012.

David G. Campbell
United States District Judge